McMILLAN, Judge.
The appellant pleaded guilty to assault in the second degree and was sentenced to 15 years’ imprisonment. His sentence was split, and he was sentenced to serve five years in prison, and the remainder of his sentence was suspended and he was placed on five years’ probation. That portion of the sentencing order relating to time served was subsequently amended to provide that he serve three years’ imprisonment, and the appellant was placed on probation on January 22, 1993. On October 8, 1993, his probation officer filed a delinquency report, stating that the appellant had violated a condition of *989 his probation by committing five new offenses. Following a hearing, the trial court revoked the appellant’s probation.
The appellant contends that the trial court erred in revoking his probation because, he says, his arrest on several of the underlying offenses was illegal. He further contends that the trial court erred in failing to make a written statement as to the evidence relied upon in revoking his probation and the reasons for the revocation. The State has asked this Court to remand the appellant’s case in order for the trial court to issue an order that complies with Rule 27.6(f), Ala.R.Cr.P.
Based on the record, this cause is due to be, and it is hereby, remanded to the trial court, in order for the trial court to state the evidence relied upon and its reasons for revoking the appellant’s probation. Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975). A return should be filed with this Court within 45 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.
A1 Judges concur.